STAPLES, Plaintiff in Error, v. SHACKLEFORD et al.

### Division One, June 14, 1899.

1. **Parties to Action**: GUARDIAN. In a suit by a mortgagor to set aside a deed made by the trustee at the foreclosure of a deed of trust, which at the first was executed to secure money in the hands of a guardian belonging to his ward, but who long prior to the sale had reached her majority, the guardian, having been discharged and having no interest in the land of which he could be divested, and no personal judgment being prayed against him, is not a necessary party.

2. ————: NOTARY PUBLIC. In an action by the grantor in a deed of trust to set aside the trustee's deed, the notary public who took the trustee's acknowledgment, however defective it may be, is not a necessary party, if the rights of the mortgagor were not affected or changed by the acknowledgment.

3. ————: BENEFICIARY OF DEED OF TRUST. Nor is the beneficiary in the deed of trust, who became the purchaser at the foreclosure sale and who afterwards and before the commencement of the suit conveyed whatever interest she had in the property to the trustee, a necessary party in an action by the mortgagor to set aside the trustee's deed and praying for an accounting from him, where the petition states that all the indebtedness from the mortgagor to her had been fully paid, no charge of misconduct on her part being alleged and no personal judgment prayed. Nor is her husband a necessary party.

4. **Action**: FAILURE TO STATE A CAUSE: AGAINST TRUSTEE IN DEED OF TRUST: ANSWER: DISMISSAL. The mortgagor in a deed of trust in an action against the trustee, charged that there was an agreement between him and the trustee that should the land at the foreclosure sale not bring the debt, it would be held and sold again by

the trustee and whatever was the excess of the amount realized from the sale above the debt would be paid to the mortgagor; that at the sale the trustee became the purchaser for the *cestui que trust*, who afterward deeded the property to the trustee on the full payment of debt, and the trustee sold eighty acres of the land for the amount of the debt, and yet retained the remaining forty acres. The prayer was that the deed be set aside and for an accounting. *Held*, that, admitting such agreement to have been made, the petition failed to state a cause of action, as there is not alleged to be any surplus to which the mortgagor would be entitled, and that, in spite of the fact that the trustee filed an answer, the suit was properly dismissed by the court of its own motion without hearing the evidence.

*Error to Cooper Circuit Court.*—HON. G. F. LONGAN, Special Judge.

AFFIRMED.

E. R. HAYDEN and W. D. BUSH for plaintiff in error.

(1)   The plaintiff's petition, although voluminous, stated a good cause of action, and entitled him to the relief sought. Turner v. Johnson, 95 Mo. 431; Rose v. Bates, 12 Mo. 50; O'Fallon v. Clopton, 89 Mo. 288.   (2)   The trustee, Shackleford, being both seller and buyer, his sale is subject to be set aside or vacated. McKee v. Spiro, 107 Mo. 542. He can not buy at his own sale.   (3)   He occupied a fiduciary capacity and his gains belong to the plaintiff. Ins. Co. v. Smith, 117 Mo. 261.   (4)   The defendant, Shackleford, as trustee, was agent for the owner as well as of the secured debt and he should guard the interest of the owner and not appropriate forty acres of the trust property to his own use. Cassady v. Wallace, 102 Mo. 575; McNees v. Swaney, 50 Mo. 388.   (5)   The trustee, Shackleford, was incapacitated by his trust from purchasing the trust property for himself or another either directly or indirectly. Kline v. Wilkerson, 10 Mo. 75; Goode v. Comfort, 39 Mo. 313; Judge v. Booge, 47 Mo. 549; Graham v. King, 50 Mo. 22; Reddick v. German,

49 Mo. 389; Thornton v. Irwin, 43 Mo. 153. (6) The plaintiff relied upon the promise of defendants to make a resale at private sale and return him the overplus, and acted upon it with the knowledge of the other defendants and it would be a fraud upon his rights not to require an accounting. Stevens v. Hampton, 46 Mo. 404; Black v. Gregg, 58 Mo. 565.

W. M. WILLIAMS for defendants in error.

Defendant, Shackleford, filed an answer in the case, but the court, of its own motion, held that the petition failed to state any cause of action at all, and declined to hear it upon the facts. There is no question concerning the correctness of the authorities cited by plaintiff in error. Their application to this case is denied, however. It is not alleged in the petition that there was any agreement at the time of the foreclosure, that the land should be purchased by any of the parties and held subject to redemption of the plaintiff. The averment is that there was an understanding with the trustee, at the time the deed of trust was made, that in case of the sale thereunder, the property should be purchased by some one (who that some one should be, is not stated), and subsequently offered at private sale, and the surplus, after the payment of the debt, go to plaintiff. It is not alleged that any surplus had been realized at the time the suit was brought. It is charged, upon the contrary, that the title to the forty acres of land still remained in the trustee, and that he holds it under the agreement' hereinbefore stated. If this was a binding contract, the plaintiff should wait until the land is sold, and if there is any surplus, bring his suit therefor.

ROBINSON, J.—Plaintiff commenced this action in the Cooper county circuit court on the 19th day of April, 1895, and afterwards, on the 14th day of June, filed an amended petition, which is the basis of this controversy.

Defendant D. W. Shackleford filed an answer. Defendant W. Speed Stephens demurred on the grounds, first, that he was not a necessary or proper party defendant; second, because the petition failed to state facts sufficient to constitute a cause of action against him; third, because the allegations of the petition showed that he had no connection with, or personal interest in, any of the matters or things mentioned in the complaint, or the subject of the litigation; fourth, that the petition showed that at the time of the matters complained of he was guardian of defendant Rhoda E. Johnson; that he has no personal interest in the subject-matter of the controversy, and was not sued in his trust capacity. Defendants Rhoda E. Johnson and Wilbur T. Johnson filed their separate demurrer upon the ground that the petition failed to state facts sufficient to constitute a cause of action against them. Both of these demurrers were sustained by the trial court. Whereupon, the plaintiff declining to plead further, a judgment of dismissal was entered against him and in favor of all defendants and plaintiff brings the case to this court by writ of error.

This amended petition is an extremely voluminous document, very inartfully and awkwardly prepared, and replete with unnecessary and useless verbiage.

The grounds of plaintiff's cause of action are not succinctly or clearly set forth, but are arrived at by much circumlocution and indefinite phrases. The substantial averments are as follows:

That Rhoda E. Johnson and Wilbur Johnson are husband and wife, the former's name prior to their marriage being Rhoda E. Stephens; that during her minority her estate was in the hands of her brother, W. Speed Stephens, as her guardian; and that she subsequently became of age and her brother's guardianship ceased to exist.

It is then alleged that on the 19th day of August, 1886, plaintiff, being seized in fee of certain real estate situate in

Cooper county, Missouri, containing one hundred and twenty acres, borrowed from the estate of Rhoda E. Stephens, through her guardian W. Speed Stephens, the sum of $1,250, and gave his note therefor, payable one year after date, with compound interest thereon at the rate of nine per cent per annum, and secured the same by a deed of trust on said real estate; and in the deed of trust above mentioned defendant Shackleford was named as trustee, and vested with power to sell the mortgaged premises upon the failure of plaintiff to pay the note at maturity. It is then further alleged "that the defendant D. W. Shackleford, well knew of the financial distress in which plaintiff was involved at the time he executed the said deed of trust to secure the payment of the promissory note; and said defendant also well knew of the fears felt and expressed by the plaintiff that in the event of the sale of his said lands the said deed of trust and the purchase of them by a stranger at a price greatly below their value, plaintiff's right of redemption would be lost, and a greater part of his said indebtedness would remain unpaid, etc. That to allay plaintiff's fears the defendant, Shackleford, knowing said lands to be of greater value than the said indebtedness, assured him that his fears were groundless, for that all the defendant, Stephens, the guardian, etc., desired, was the payment of said indebtedness; and that he, defendant, Shackleford, in making sale of said lands under the deed of trust would use his best endeavors to accomplish that and no more; and if it sold for more than sufficient he would account to the plaintiff for the same, and it was then and there further understood, by and between plaintiff and defendant, that if said lands, when sold as aforesaid, should not sell for a sum sufficient to pay said indebtedness, that then and in that event, the said lands should be sold at private sale, if a purchaser could be found within a reasonable time willing to pay more than the sum realized by public sale under said deed of trust, the plaintiff should have whatever benefits that should or might result from such resale at private

sale; that plaintiff having failed to pay the said promissory note when it fell due, the said Shackleford, as trustee, so plaintiff has been informed, advertised said lands for sale on the 3d day of January, 1891, under the said deed of trust at public vendue, at the place named in the said deed; and that at said sale, said lands were 'knocked off in a lump' to Rhoda E. Stephens, the ward of the defendant, W. Speed Stephens, now the defendant Rhoda E. Johnson, for the greatly inadequate sum of $700, and that on the same day, the said defendant D. W. Shackleford, as trustee, executed and delivered to her, his deed in fee, to said lands."

The petition then avers "that plaintiff not being possessed of sufficient means to pay off the indebtedness and redeem the lands, failed to attend the sale or have any other person do so for him; that the lands were worth $20 per acre, and the indebtedness secured by the deed of trust in question did not exceed the sum of $1,600; that the plaintiff relied upon the protestations of friendliness of the trustee, Shackleford, and believed that the above mentioned sale was made for the purpose of a private sale to carry out the understanding had between plaintiff and the trustee. That as soon as plaintiff learned of the trustee's sale and purchase by defendant Rhoda E. Johnson, he at once, with the knowledge, approbation and encouragement of defendant Shackleford, made diligent efforts to secure a purchaser for the land. Failing to find such a purchaser, he learned in the latter part of 1891, or the early part of 1892, that defendant Shackleford had secured a buyer for eighty acres of the said lands in the person of Joseph Dietmaring, who had agreed to pay the sum of $20 per acre, and that a deed had been executed to him therefor."

The amended petition then sets out, "that on the second day of January, 1890, plaintiff had paid to the trustee, defendant Shackleford (as attorney for the defendant Stephens and his ward), the sum of $175, which was credited on his note, and that he believed the sum of $175, together with the

sum realized from Dietmaring who had purchased the eighty acres above described, would be sufficient to wipe out the indebtedness on account of his note, and also pay the costs and expenses attending the trustee's sale of the land securing the same; and that he demanded of defendant Shackleford an accounting of his indebtedness, and alleged his willingness to pay any sum that might be found to be due on account thereof, and demanded that upon such payment he be entitled to redeem the remaining portion of the one hundred and twenty acres conveyed in the deed of trust; that in response to this demand he was informed by defendant Shackleford that the entire tract, including the forty acres in question, had been sold by defendant Rhoda E. Johnson, and that plaintiff had no further interest or right of redemption therein."

The petition contained the further averment that on the 29th day of January, 1892, the land in question had been conveyed to defendant Shackleford; and that he, together with his wife, who joined in the deed, on the 10th day of February, 1892, conveyed the eighty acres above described to Dietmaring and applied the money so received from the sale thereof upon plaintiff's indebtedness.

It is then alleged that on the date of the execution of the deed of trust the note secured thereby was placed in the hands of defendant Shackleford, as attorney, for collection, with authority to take such action as he might deem necessary to protect the interest of the beneficiary in said deed of trust, after which time defendant Stephens, it is stated, paid no further attention to the matter other than to receive the money paid to him, and failed to attend the sale on the 3d day of January, 1891; that at the sale by the trustee, Shackleford, the lands mentioned in the deed of trust were offered for sale in a lump; and that defendant Shackleford, as attorney for the ward of defendant Stephens, bid for said ward, and knocked the same off to her and on the same day executed his trustee's deed to the ward, now defendant Rhoda E. Johnson, and acknowl-

cdged such deed before W. Speed Stephens, notary public, who was at the time guardian of Rhoda E. Stephens.

The petition also complains that defendant Shackleford has committed waste on the forty acres obtained by him, by cutting down trees, to the plaintiff's damages in the sum of $150, and that he has collected rents, for which he asks an accounting.

The petition then asks for an accounting of plaintiff's indebtedness, and offers to pay any sum which may be found to be due, and prays that the conveyance from defendant Rhoda E. Johnson to defendant Shackleford be set aside, and upon the payment of all the sums found to be due and owing from plaintiff, that the land be vested in him, and satisfaction entered of the deed of trust first mentioned.

The first point for consideration is the action of the trial court in sustaining the separate demurrer of W. Speed Stephens.

The record shows that he was guardian of his sister, Rhoda E. Stephens, now Rhoda E. Johnson, and in that capacity loaned $1,250 belonging to his ward's estate, which was secured by deed of trust upon plaintiff's land in controversy. After this transaction the ward became of age and the guardianship of Stephens ceased to exist, all of which occurred prior to the commencement of this action. As shown, defendant Stephens is not the owner of the debt, has no interest in the land sought to be redeemed, and claims no title thereto. He occupies no relation towards plaintiff and is not in a position with reference to other parties to the action or the land in controversy whereby he could afford plaintiff the relief sought. No personal judgment is asked against him, and he has no title or interest in the real estate described in the petition of which he could be divested to plaintiff's benefit; and should the judgment prayed for in the petition be entered of record it could in no wise affect this defendant. His sole and only connection with the matters litigated was in the capacity of guardian, and

having been discharged from such duties he is no longer a
necessary party to a determination of the things complained of
in the petition now before the court.    Necessarily whatever
action he could have taken to plaintiff's harm must have been
while acting for his ward and in her behalf, and now that such
representative capacity has ceased to exist, the ward is quali-
fied to appear in court and answer for herself, and it is not con-
tended that she obtained any property of the plaintiff through
the wrongful conduct of her guardian; but even though she
had, it is not necessary in order to redress such a wrong that
the defendant, W. Speed Stephens, be made a party to the
action.

Neither does the mere fact that the acknowledgment of
the trustee's deed was taken before defendant, W. Speed
Stephens, as notary public, subject him to any liability in the
circumstances of this case.    The authorities cited by counsel
for appellant in support of his contention upon this point are
not pertinent.    A faulty acknowledgment affects only the
registration of the deed and notice thereunder.    An acknowl-
edgment, however defective, does not affect the conveyance
between the parties themselves.    And we do not understand
that the acknowledgment of the trustee's deed taken before
the defendant Stephens in the capacity of notary public makes
him answerable to an action by a mortgagor whose rights are
not affected or changed thereby.

In view of these considerations we think the action of the
trial court in sustaining the demurrer of defendant Stephens
was proper.

Neither can we find, after a careful reading of the
amended petition, that it states any cause of action against
Rhoda E. Johnson, nor her husband, Wilbur Johnson.    The
only possible interest the latter named defendant ever had,
under the facts stated, was that resulting from his marriage
with Rhoda E. Stephens.    As to her, the petition sets out that
she had conveyed to defendant Shackleford before the com-

mencement of this action, whatever title she had to the real estate in controversy. This and the further fact that all of the indebtedness from plaintiff to her had been fully paid and discharged is stated in the petition. Neither she nor her husband have the slightest interest whatever in the subject-matter of the controversy, and it is not charged that either of them have been guilty of any conduct whereby they should be made to answer to plaintiff, and no judgment is asked to be rendered against them.

The trustee acting alone and without the knowledge of the beneficiary could not make an agreement with the mortgagor contrary to the terms contained in the deed of trust to bind the beneficiary, and it would not make any difference whether his attempt to do so was made at the time of the execution of the deed of trust or subsequent thereto.

Moreover the petition in the case does not charge any agreement with the Johnsons whereby they should permit plaintiff, after the trustee's sale, to find a purchaser for a portion of the land at a price equal to the whole amount of the debt, and a right of redemption of the balance. Besides, no wrongful conduct on their part is alleged since the execution and delivery of the deed of trust. The gist of the petition is that defendant Shackleford holds title to forty acres of land that plaintiff should have the benefit of, and that he has and now refuses to sell same or to suffer it to be sold by plaintiff and to account to him for the excess over and above the amount necessary to pay off the debt of Rhoda E. Stephens now Rhoda E. Johnson, as under the terms of his agreement he was to do. Even though the land may have passed through the hands of the defendant, Rhoda E. Johnson, and been acquired by defendant Shackleford through her, yet under the circumstances set out in the petition plaintiff can not obtain the relief he prays by a decree against the Johnsons. In fact the petition in substance alleges that the defendant, Rhoda E. Johnson,

has done nothing more than to receive the full amount of the debt, which she was clearly entitled to do independent of the matters with respect to which complaint is made. It follows that the separate demurrer of the defendants Johnson was properly sustained.

Defendant Shackleford filed an answer but the court below, however, of its own motion, dismissed the petition as to all the defendants, holding that it failed to set forth any facts upon which a judgment could be based against Shackleford as well as the other defendants.

A most liberal construction of the petition in favor of the plaintiff is that the agreement and understanding between plaintiff and Shackleford was to the effect that, should the land at the sale under the deed of trust not bring a sum sufficient to pay the mortgage indebtedness, then the property should be so held and manipulated by the trustee that it should again be sold at private sale, provided a purchaser could be found within a reasonable time to whom the property might be disposed of at a greater sum than the amount bid at the trustee's sale; and that the proceeds of such private sale, after paying the note secured by the deed of trust, together with the costs and expenses attending the sale by the trustee, should be turned over to plaintiff.

The petition then charges that Shackleford advertised the land under the provisions of the deed of trust, and that the same was sold to defendant, Rhoda E. Johnson, after which he procured the land to be conveyed to himself, and finding a purchaser for eighty acres of the land at a sum equal to the whole amount of the mortgage indebtedness, deeded the same to such purchaser, and still retains the remaining forty acres for himself.

While it is not necessary to pass upon the question whether the trustee could bind the beneficiaries by his agreement with plaintiff that he might redeem after sale under the

deed of trust, still the trustee himself might perhaps be bound by whatever contract he may have made. And if, as alleged in the petition, it is true that such an understanding was had between the trustee, Shackleford, and plaintiff, as that in accordance with the terms of such agreement the trustee so handled the property as to control the title, and, in order to carry out such agreement, did eventually have the property conveyed to himself, and then sold the same (at best, with every intendment in his favor) plaintiff would only be entitled to whatever proceeds might remain after payment of his indebtedness and the costs and expenses attending trustee's sale. But unfortunately for plaintiff's contention, it appears that only a portion of the lands have been sold, and it is not alleged that there is any surplus to which the plaintiff would be entitled. Therefore, no right of action had accrued up to this time under the allegations of his petition.

We have examined the authorities cited by counsel for plaintiff enunciating the doctrine that the trustee Shackleford, by reason of his position, could not purchase at his own sale or acquire any benefits to himself which rightfully belonged to plaintiff, but fail to see in what manner they could be applied to the facts of this case. We understand the rule to be, as laid down in those decisions, that the trustee can not be permitted to purchase at his own sale, and that it makes no difference whether he does so directly or through the interposition of a third party, but that proposition is not involved in the record here.

The circuit court, therefore, committed no error in dismissing plaintiff's bill, and its judgment is affirmed.

All concur.