## STATE OF MISSOURI, Respondent, v. A. V. DOERRIES, Appellant.

**Kansas City Court of Appeals, February 17, 1913.**

1. **CHANGE OF VENUE: Criticism in Presence of Jury.** It is prejudicial error for a trial court in sustaining a motion for a change of venue to a judge to be called in, to make an address in criticism of the practice, in the hearing of the jury, wherein the motive of the applicant is attacked.

2. **INDICTMENT: Lost Record: Supplied Paper.** If the record shows that there was no judgment or order supplying a lost indictment, it is error to allow a paper alleged to be a copy to be treated as a supplied paper.

Appeal from Callaway Circuit Court.—*Hon. John A. Rich,* Judge.

REVERSED.

*Robertson & Robertson* for appellant.

*J. W. Tincher, C. M. Hay* and *J. R. Baker* for respondent.

ELLISON, J.—Defendant was indicted and convicted of the offense of disturbing the peace. He appealed to this court and we transferred it to the Supreme Court on account of a constitutional question. That court thought the question not properly raised and returned the record to this court.

A change of venue was asked in the trial court on account of alleged prejudice of the judge. The change was granted and another judge called in. The judge to whom the application was made delivered a lengthy address, in the presence of the jury, on the evil practice of applications for change of venue. The exceedingly spirited character of the criticism was such as naturally to prejudice the jury. Doubtless the privilege of a change of venue, intended as it is for a just

and beneficent purpose, is frequently abused. But the time of the criticism objected to was unfortunate. We passed upon an identical question in an opinion by Judge JOHNSON in which it was held to be prejudicial. [State v. Wright, 161 Mo. App. 597.]

It seems the indictment was lost and the trial is supposed to have proceeded upon one supplied. Unlike the case of State v. Walker, 167 Mo. l. c. 369, we cannot presume anything in this case, for the record sets out all that was done, and it does not appear that any motion for supplying a lost record was filed, or that any judgment or order for supplying it was made. Such judgment was necessary to supply the indictment. [State v. Burks, 132 Mo. 363; State v. Wilson, 200 Mo. l. c. 28.]

The judgment is reversed. All concur.