STATE v. DICK PERRIMAN, Appellant.—No. 38731.—180 S. W. (2d) 668.

Division Two, June 5, 1944.

*James E. Sater* and *A. R. Dunn* for appellant.

1024

*Roy McKittrick,* Attorney General, and *B. Richards Creech,* Assistant Attorney General, for respondent.

BOHLING, C.—Appellant was convicted of statutory rape. The jury were unable to agree on the punishment and the court imposed a sentence of ten years' imprisonment. No point is made with respect to the sufficiency of the evidence and our reading of the record discloses that such an issue would have been without merit.

The first words of the prosecuting attorney's opening statement were: "If the court please, gentlemen of the jury, this is a case that comes to Newton county on change of venue—." Appellant's objection was overruled and he claims reversible error, relying upon State v. Banton, 342 Mo. 45, 111 S. W. 2d 516, 519[4], and cases there reviewed. There is a fundamental distinction between appellant's cases and the instant case. Each of appellant's cases presented an aggravated situation wherein the jury were informed that the case had been brought to the county of trial upon the application of the defendant. The deductible purpose was to imply that for reasons best known to defendant he was unwilling to place his fate with a jury of the county of the crime's commission. Consequently, such statements have been considered made to prejudice the jury against defendant, to deprive him of a fair and impartial trial and to be reversible error in the event of that effect. State v. Wright, 161 Mo. App. 597, 603, 144 S. W. 175, 177[4], was directed against a long address in the presence of the jurors by the judge on the improper use made of the change of venue statute by accused persons, embracing a severe criticism of defendant and the accusation that the charge of prejudice made against the judge was perjury, made for the mere purpose of delay. Neff v. City of Cameron, 213 Mo. 350, 369(V), 111 S. W. 1139, 1144(5), 18 L. R. A. (N. S.) 320, 127 Am. St. Rep. 606, involved a number of prejudicial remarks in the course of an argument, including an observation that defendant had taken a change of venue and put plaintiff to additional expense to try the case in the change of venue county et cetera. The remarks in Neff v. City of Cameron appear to have been made with studied calculation to prejudice the jury. Such is not the instant situation. The jurors were informed only of the fact of a change of venue. They were not told who took the change of venue. There was no statement or hint of the reason for changing the venue. The changing of the venue was not criticised. There was no accusation against appellant or implication that he or anyone did anything out of the ordinary. There is nothing in the language used to inflame the mind or to cause jurors

to depart from sober reflection upon the evidence. Throughout the trial, under the evidence and instructions, all knew the offense, if any, occurred in Lawrence county and intelligent jurors must have known the case reached Newton county by reason of some change of the venue. The remark may have been unnecessary; but it appears to have been innocently made and, unlike appellant's cases, contained nothing of a prejudicial nature. It is difficult to predicate reversible error upon the statement, without more, of a fact any intelligent juror would understand to be true after hearing the evidence and instructions. Appellant's assertion that the jury had doubts of his guilt from the fact they failed to assess a punishment is not a logical deduction. Punishment is contingent on and theoretically follows guilt but guilt is not contingent on punishment. The State made out a substantial case. Under their oaths the jurors should have acquitted if in doubt as to guilt.

Appellant's counsel admit that the claimed error on account of an alleged separation of the jury is not established by the record before us. Of course, appellate courts upon appeal should not and cannot review something that is not in the record. They would cease to be courts of review if they did. Appellant's asserted error does not prove itself. State v. McGee, 336 Mo. 1082, 1094(d), 83 S. W. 2d 98, 105[12].

Appellant's assignment that the prosecuting attorney repeatedly asked questions of the witnesses inferring that appellant had committed other crimes, and in manner calculated to incite the jury against appellant, and charging appellant's witnesses with fabricating their testimony is couched in terms too general to preserve any issue for appellate review under the new trial section (Sec. 4125, R. S. 1939). Ex gratia, we have read the forty odd pages referred to in appellant's brief and find that when matters of the nature mentioned occurred and objections were properly interposed that the court sustained appellant. The court rightly overruled appellant's objection to questions propounded by the prosecuting attorney for the purpose of impeaching the credibility of one of appellant's witnesses. We find no error of record of the nature mentioned.

Complaint is made of the prosecuting attorney's argument; but the court sustained appellant's objection and admonished the jury not to consider the statement, complying fully with every request made by appellant's counsel. Counsel was apparently satisfied nisi with the action of the court, saved no exception, having no ruling to except to, and preserved no issue on the argument for our review. State v. Varnon (Mo.), 174 S. W. 2d 146, 148[4]; State v. King, 342 Mo. 975, 991[14], 119 S. W. 2d 277, 285[18]; State v. Sherry (Mo.), 64 S. W. 2d 238, 239[8], and cases cited. Courts should not be convicted of error when complying with every request made for a ruling. The record presents no adverse ruling for review,

Another assignment considers the overruling of appellant's objection to a venireman. For some reason counsel's objection is the only matter of record before us. Objections interposed by counsel are not evidence of the facts stated therein. State v. Salisbury (Mo.), 43 S. W. 2d 1021, 1024[3]; State v. Levy, 126 Mo. 554, 562, 29 S. W. 703, 704; State v. Duncan, 116 Mo. 288, 308, 22 S. W. 699, 704[4]. There is not sufficient record upon which to predicate error. Any other holding would throw orderly procedure into confusion. So far as disclosed of record, it appears that the court was liberal in excusing prospective jurors. One of the two grounds mentioned in counsel's objection stated no legal reason and there is nothing of record establishing either ground.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.