STATE of Missouri, Respondent,

v.

Clifford HART, Appellant.

No. 51516.

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

144

Norman H. Anderson, Atty. Gen., Jefferson City, Mo., Norman Humphrey, Jr., Sp. Asst. Atty. Gen., Independence, Mo., for respondent.

Robert B. Baker, Ellington, Mo., for appellant.

HOLMAN, Presiding Judge.

Defendant was charged with breaking and escaping from the Reynolds County jail while being lawfully imprisoned upon a felony charge, i. e., subornation of perjury before conviction thereon. See § 557.390 (all statutory references are to RSMo 1959, V.A.M.S.). A trial resulted in a verdict of guilty and defendant's punishment was fixed by the jury at imprisonment in the county jail for six months. He has appealed from the judgment.

The evidence offered was not extensive and hence a brief statement of facts will suffice. Timon Johnson, Sheriff of Reynolds County, testified that he arrested defendant at about 3 p. m. on June 13, 1963, and locked him in the county jail about 4 p. m.; that about 5 p. m. on June 15 he fed the defendant who was the only prisoner in the jail at that time; that when he returned to the jail the next morning he discovered that a door leading into a storage room was open and found a pile of brick where a hole had been chiseled out of the outside wall; that defendant was not in the jail at that time.

It was shown by the testimony of the clerk of the magistrate court, and a transcript of the proceedings, that defendant, on June 12, 1963, had been charged with subornation of perjury; that a warrant was issued to the sheriff and the defendant was brought before the magistrate court on June 14, 1963; that the bond of defendant was fixed at $200 and his preliminary hearing set for June 21, 1963; that defendant did not furnish bond and a commitment was issued directing the sheriff to commit defendant to the county jail until a bond was given or until the date of the preliminary hearing. There was testimony that defendant did not obtain his release upon bond prior to the time he disappeared from the county jail.

Defendant did not testify. The only witness offered by defendant was D. D. Walton who testified that defendant had lived on some property he owned in Shannon County and had worked for him; that on the day defendant was arrested he went to the county seat and talked with the sheriff; that he told the sheriff he would be willing to sign a small bond for the release of defendant; that the sheriff said the bond would be $1,500 and that "I should be careful who I signed a bond for"; that "when I said I couldn't raise the $1,500 he just dropped the matter." He further stated that he owned real estate worth $12,500, but it was shown on cross-examination that his wife had an interest in the real estate and that she was not with him at the time but was in St. Louis.

▪ The information charged that defendant was imprisoned in the jail upon a charge of "Subornation of Perjury, being Case Number 1598 of the Magistrate Court of Reynolds County, Missouri * * *." Thereafter, in the information, in alleging that he had not yet been convicted, it is said that the charge was under § 557.080. The last mentioned section defines the offense of attempting to corrupt witnesses. Defendant says that the court erred in overruling his motion to dismiss the information because there was no way of ascertaining which charge defendant was being imprisoned on and therefore the information failed to charge a crime. We have concluded that the information sufficiently charged the offense. It correctly stated that defendant had been charged with "subornation of perjury." It also stated that the charge was in Case Number 1598 of the Magistrate Court of Reynolds County, and a reference to the complaint in Case Number 1598 would have disclosed that the charge was subornation of perjury. The inadvertent inclusion thereafter of a reference to a statute which defined a different but similar offense may be disregarded as surplusage. We rule this point against defendant.

▪ The second point briefed is that the court erred in overruling defendant's motion to dismiss which was based upon the fact that an attorney was not appointed

for him prior to the time he waived his preliminary hearing. There is no merit in that contention. Defendant admittedly waived the preliminary hearing. As we understand his present contention, it is that he should not have been bound by that waiver because he had not been advised by counsel, nor advised of his right to counsel, prior to the waiver. In that connection we have consistently held that "the mere lack of counsel at a preliminary hearing held under the Missouri practice is not a deprivation of due process or of any other constitutionally protected right."

State v. McClain, Mo.Sup., 404 S.W.2d 186, 189. There is nothing in the circumstances of the case at bar that would preclude the application of the quoted rule. As indicated, the point is disallowed.

■ It appears from statements made by defendant's attorney during the voir dire examination of the jury panel that on the day prior to the trial the court revoked defendant's bond, giving as the reason therefor that defendant was unreliable and that the bond was revoked in order to be sure defendant would appear for the trial. It was brought out on voir dire that several members of the panel were present in the courtroom and heard what was said at that time. Thereafter, the court asked the members of the panel if anything they had heard concerning the foregoing would prejudice them against defendant, and if they could disregard the occurrence and give the defendant a fair and impartial trial. The jurors indicated that they were not prejudiced and that they would give defendant a fair trial. Defendant moved to discharge the entire panel because of the occurrence, and the motion was overruled. Defendant here contends that said ruling constituted prejudicial error. In deciding this point we are mindful of the rule that the trial court has considerable discretion in ruling on challenges of veniremen that are not disqualified as a matter of law. State v. Spica, Mo.Sup., 389 S.W.2d 35. In this instance the jurors indicated that

they were not prejudiced by the incident and would give the defendant a fair trial. We see nothing in the circumstances which would cause us to conclude that the court abused its discretion in overruling the motion. The contention is overruled.

■ During the selection of the jury the sheriff, at the direction of the court, selected four special jurors from the bystanders to fill vacancies on the panel. After the voir dire examination had been completed the defendant challenged those four jurors because they had been selected by the sheriff who was to be an important witness in the case. The court overruled the challenge because the objection was not made at the time the sheriff was directed to obtain the jurors. Defendant here contends that the ruling was erroneous. In a similar situation this court stated that "if the defendant desired to object to the sheriff summoning the jurors, a timely motion should have been made before the venire had been summoned, and he should not have waited until the jurors were in court." State v. Jeffries, 210 Mo. 302, 109 S.W. 614, 621. In this case the defendant not only waited until the jurors were in court, but did not object until the voir dire examination had been completed. The trial court ruled correctly in denying the challenge.

■ In the cross-examination of the circuit clerk defendant's attorney asked if the subornation case had been dismissed and the clerk answered that she did not know. At the conclusion of the State's evidence the following occurred:

"The Court: Mr. Baker, earlier in this case, you inquired of the Clerk of the Circuit Court if a dismissal had been entered in the cause pending against the instant defendant. Do you wish to pursue that matter further at this time?

"Mr. Baker: Your honor, I object to the Court's comments and move the jury be discharged and a mistrial be declared

on account of the Court interjecting the comments in the case and interference.

"The Court: I was merely calling your attention to the fact that you had not given evidence on the matter you had inquired about. If you wish that witness back on the stand to further pursue that matter, you certainly have a right to do so.

"Mr. Baker: We do not wish to further cross-examine the witness."

It is defendant's contention that the comment of the court was prejudicial and that such a comment "tends to make the court seem more the advocate or the prosecutor than the unbiased judge he must be if a defendant is to have a fair trial." We are unable to understand why defendant objected to the court's remark. When the clerk was on the stand she said she had been unable to find certain records concerning the prior case. No doubt the court thought that she may have subsequently found the records and could give the information previously sought. In any event, we see nothing in the court's inquiry which would prejudice the defendant in any manner. The contention is ruled adversely to defendant.

■ Defendant also contends that the court erred in overruling his motion for a bill of particulars. In our examination of the transcript we fail to find the motion for a bill of particulars therein and we therefore cannot consider that point. We have, however, examined the information and find it to be sufficient. It appears to allege all of the essential facts.

■ The Court refused to give Instruction "C" offered by defendant. It reads as follows:

"You are instructed that it is the duty of the officer arresting under a warrant or otherwise to bring the prisoner, without unnecessary delay, before the judge or magistrate who issued the warrant, if practicable, if not, before some judge or magistrate as soon as practicable, and that any unreasonable delay in bringing a person so arrested before a magistrate results in unlawful imprisonment of the prisoner."

In contending that the refusal was error defendant apparently takes the position that a failure to promptly take defendant before the magistrate would warrant his acquittal of the charge. That contention is without merit. Defendant was placed in jail at 4 p. m. on June 13, 1963. He was taken before the magistrate the next morning when bail was fixed which he was unable to give. See S.Ct. Rules 21.11 and 21.12, V.A.M.R. He escaped from jail about 36 hours later. The fact that the sheriff did not take defendant before the magistrate at 4 o'clock on the afternoon of June 13 did not cause his imprisonment at the time of his escape to be unlawful and would not constitute a defense in this case. The court did not err in refusing Instruction "C".

■ The defense in this case was that defendant's imprisonment was unlawful and therefore he was justified in escaping jail. More specifically, he states in his brief that his defense was "that he was able to make bail, that he had a bondsman ready to qualify and sign his bonds, and that the sheriff wrongfully deceived the intended bondsman, not only in the matter of the amount of the bond but in other matters, and attempted to persuade the proposed bondsman not to sign defendant's bond." As his final point he contends that the court should have given an instruction as a part of the law of the case submitting his theory of defense as herein described. We do not think the fact that the sheriff was inaccurate in estimating the amount at which the magistrate would fix defendant's bail, or that he may have discouraged a prospective bondsman, would constitute a defense in this case. While there are authorities indicating that one charged with escape may defend by showing that he was not lawfully imprisoned,

we are inclined to approve the statement that "where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels, even though he might be able to show such defects in the procedure by which he was arrested, tried, sentenced, committed, or imprisoned as to justify or require his release on appeal or habeas corpus." 70 A.L.R.2d 1437. However, in the case before us, the point is disposed of by our ruling to the effect that the evidence shows that defendant's imprisonment was actually lawful in every respect. We accordingly rule this point against defendant.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

HENLEY, J., concurs.

SEILER, J., dissents in separate dissenting opinion filed.

### Dissenting Opinion

SEILER, Judge.

I respectfully dissent, because I believe the remarks made by the trial court the day before the trial started, upon revoking defendant's bond, overheard by several jurors, giving as the reason therefor that defendant was unreliable and the bond was revoked in order to be sure defendant would appear for the trial, constituted reversible error. " * * * [T]he court must always maintain an absolute impartiality in any trial, both in its remarks and in its conduct generally * * *." State v. Sanders (Mo.Sup.) 360 S.W.2d 722, 726. "A judge must not say anything that can be construed by the jury to the prejudice of a defendant. * * *" State v. Castino (Mo.Sup.) 264 S.W.2d 372, 375. " * * * [A] trial judge should avoid any indication

of feeling against the prisoner * * *", State v. Jones (Mo.Sup.) 197 S.W. 156, 158.

I do not believe the error was cured by the statement of the jurors that they were not prejudiced by the remarks and that they would give the defendant a fair trial. As said in State v. Wright, 161 Mo.App. 597, 144 S.W. 175, 178, "The question is whether the remarks of the court were such as to prejudice defendant in the minds of ordinary men in the situation of the jury, not whether or not this particular group of men believed they were not influenced against the object of the criticism". It is often said in civil cases that a prospective juror is not the judge of his qualifications. The same is no less true in a criminal case. It is difficult to see how the remarks of the court could not have prejudiced defendant in the minds of the prospective jurors (particularly in a case where defendant was charged with breaking and escaping from jail) and for this error I would reverse the judgment and remand the cause for a new trial.