**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gerald Douglas HOPKINS, Defendant-Appellant.**

**No. 34853.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 14, 1973.

Motion for Rehearing or Transfer Denied
Oct. 10, 1973.

Shaw & Howlett, Charles Clifford Schwartz, Jr., Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Julian Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals following a jury trial at which he was found guilty of statutory rape. The court sentenced him to 20 years imprisonment.

Defendant raises six points on appeal, four dealing with evidentiary matters, one

dealing with the conduct of the trial judge, and one dealing with the question of whether a submissible case was made against him.

■ The first question concerns the admissibility into evidence of a certain newspaper containing defendant's picture. The prosecuting witness testified that the defendant had shown her the picture on the evening of the alleged crime, and that she used it to identify her assailant to the police. Defendant contends that the picture was wholly immaterial to any of the issues. We think not. The victim's identification of defendant was certainly material, and her testimony that he showed her this picture on the night of the offense was pertinent to that identification and its accuracy. It was also corroborative of her testimony, vigorously contested by defendant, that she was in defendant's company on the night of the offense.

■ Defendant next raises two questions concerning rebuttal testimony, contending that the testimony of two witnesses called on rebuttal by the State was not proper rebuttal, since it was merely cumulative and did not tend to explain, counteract or disprove defendant's evidence. However, we think it is clear from the record that both these witnesses were in fact called to disprove defendant's evidence that the apartment in which the rape allegedly occurred was not vacant, but was occupied by defendant's family on the evening in question. The rebuttal testimony tended to show that the family had moved out of the apartment and that it was vacant, as the prosecuting witness had testified. The trial court has considerable discretion in admitting and excluding rebuttal testimony. We do not find an abuse of discretion.

■ The final question as to the admissibility of evidence deals with whether the testimony of the prosecuting witness's identification of defendant at a pre-indictment proceeding was properly admitted. Defendant's contention is that the State failed to show that he was afforded counsel at the lineup. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), and State v. Chavez, 483 S.W.2d 68 (Mo. 1972) hold that the exclusionary rule of United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) does not apply to pre-indictment confrontations or lineups. This was a pre-indictment lineup. There is no other attack made on the identification evidence, and the record furnishes no basis for concluding that the lineup evidence should have been suppressed.

■■ In determining the sufficiency of the evidence to support a conviction, the Court views the evidence in the light most favorable to the State, and accepts all substantial evidence and all legitimate inferences fairly deducible therefrom which tend to support the verdict, rejecting contrary and contradictory evidence. Viewing the evidence in this light, we find that there was testimony by the prosecuting witness that defendant had sexual intercourse with her on November 4, 1971, as charged. She identified defendant, and testified to the necessary elements of her age (fourteen) and penetration by her assailant. This clearly constitutes a submissible case of statutory rape.

■ The final point to be considered is the propriety of the trial judge's leaving the courtroom and returning with two facial tissues which he handed to the prosecuting witness, who was on the stand. The judge explained that he had observed that the witness, who had a face of tears, had no handkerchief. Defendant contends that this conduct "demonstrated a partisan and improper exercise of judicial discretion, and that it prejudiced the minds of the jury by making the jury unduly sympathetic toward the prosecuting witness." We do not agree. Generally, the conduct of a trial judge during the examination of witnesses in a criminal case does not constitute grounds for a new trial unless the conduct is of such

a nature as would reasonably tend to prejudice the minds of the jury against the defendant, thereby denying him a fair and impartial trial. State v. Ross, 371 S.W.2d 224, 228(6) (Mo.1963). The humane act of handing two tissues to the prosecuting witness in this situation cannot reasonably have tended to prejudice the minds of the jury against this defendant.

Judgment affirmed.

SIMEONE and KELLY, JJ., concur.