**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert L. HILL, Defendant-Appellant.**

**No. 35877.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 21, 1975.

John C. Bracjman, Public Defender, 20th Circuit, Union, for defendant-appellant.

Preston Dean, Robert M. Sommers, Asst. Attys., Gen., Jefferson City, and G. C. Beckman, Pros. Atty., of Crawford County, Steelville, for plaintiff-respondent.

GUNN, Judge.

■ Defendant was found guilty by jury of murder in the second degree and was sentenced to imprisonment for a term of 24 years. He appeals alleging as error: 1) the trial court's failure to declare a mistrial after a former county prosecuting attorney sat at the counsel table; 2) the trial court's questioning of veniremen on the concept of presumption of innocence of the accused; 3) the trial court's comment on a remark of defense counsel. Defendant acknowledges that the motion for new trial raised by his trial counsel is too general to preserve anything for review but on appeal defendant entreats us to consider his points of error raised on appeal under the plain error rule of Rule 27.20(c), V.A.M.R. We exercise our discretion under Rule 27.20(c) to determine from the record whether there has been a manifest injustice or miscarriage of justice resulting from alleged error at trial, but after review we find none. We affirm the judgment.

The incident had its inception when defendant drove to the home of his landlord, Victor Koepke at Leesburg, to complain about the condition of the leased premises. After exchange of invectives between the two, defendant fatally shot Mr. Koepke. Defendant asserted that the animus was incurred by reason of Mr. Koepke's intransigent attitude on his refusal to properly maintain defendant's home as promised. After the killing, defendant returned to his home where he was arrested by the local law enforcement officers. Defendant admitted to them that he had become virulent and had killed Mr. Koepke.

Defendant's first point of alleged error concerns the presence of the former county prosecuting attorney sitting at counsel's table. After the voir dire examination was completed and the jury sworn, Mr. G. C. Beckham, who had been the county prosecutor at the time of the incident and who

had filed the information initiating the case against defendant, joined the prosecutor at the counsel table. At the time of trial, Mr. Beckham, was no longer the prosecutor, but he did not participate in the examination of witnesses or in any argument, nor, apparently, enter an appearance. Defendant's counsel objected to the presence of Mr. Beckham on the ground that he had not been given the opportunity to voir dire the jury on whether any members of the jury had ever employed Mr. Beckham; that since that trial was conducted in a class two county, § 495.150 RSMo 1969, V.A. M.S.,[1] would permit defendant to challenge for cause any juror who had employed Mr. Beckham within six months of trial; that no opportunity had been afforded defendant to inquire whether Mr. Beckham had been employed by any prospective juror.

Outside the hearing of the jury, the following exchange occurred:

"MR. HOLLINGSWORTH (defendant's counsel): At this time, Judge, I move that this case be mistried for the ground and reason that my distinguished opponent has been joined at counsel table by a very prominent local attorney, Mr. Cliff Beckham.

THE COURT: He was given permission by this Court to sit in.

MR. HOLLINGSWORTH: Judge, we did not have an opportunity to voir dire the jury on whether any of them are represented by or connected with Mr. Beckham. And for these reasons we feel that his presence at counsel table is prejudicial, injurious, hazardous to the defendant. We respectfully move the Court to grant us a mistrial.

THE COURT: The Court will overrule you.

MR. HOLLINGSWORTH: Thank you, Judge.

THE COURT: Let me put something else on the record. In view of the fact that Mr. Beckham was the Prosecutor who instituted this suit, this case, and in view of the fact that his name shows on the information and is in this record this Court feels that he is justified in sitting in as co-counsel in this case.

MR. HOLLINGSWORTH: I have not objected to him being co-counsel. I have objected, Your Honor, to him being allowed to be co-counsel after the defendant is in jeopardy and without us having any way of voir diring the jury.

THE COURT: But you knew he was coming here.

MR. HOLLINGSWORTH: No, sir, I didn't, Judge. I might have suspected it but I didn't know it.

THE COURT: I believe you did.

MR. HOLLINGSWORTH: No, sir, I didn't.

THE COURT: Okay. Well, anyhow he's going to stay in."

 Under the circumstances of this case we find no error in the trial court's overruling the motion for mistrial. Defendant knew of Mr. Beckham's interest in the case since Mr. Beckham had signed the information. Defendant was not prejudiced by the trial court's refusal to grant a mistrial, as defendant's counsel could have anticipated or "might have suspected" Mr. Beckham's presence and possible participation in the case and could therefore have examined the prospective jurors on voir dire as to their employment of him.[2]

1. § 495.150. "If upon the voir dire it appears that any juror is in the employ of any person, firm, or corporation who has within the six months last past employed, or who within such time has had in his or its employ, any attorney on either side of the case being tried, the opposing party shall have the right to challenge such juror for cause."

2. Learned v. Godfrey, 461 S.W.2d 5 (Mo. banc 1970) interprets § 495.150 RSMo 1969, V.A.M.S. And we also note that absent a

■■ Defendant's second allegation of error concerns the examination of veniremen regarding the presumption of defendant's innocence. Defendant's counsel interrogated the veniremen as follows:

"Under your oath as jurors do you all presume him innocent? Or do you think that, 'Well, he wouldn't be here if there wasn't some evidence against him?' If you presume him innocent, if you say right now as you stand before yourselves and God that he is innocent, that he is presumed innocent and clothed with that presumption throughout the trial—raise your hand if you presume him innocent."

Only five veniremen indicated an affirmative response to the foregoing and defendant's counsel asked that all others be stricken. However, there was clear indication on the record that most veniremen did not understand defendant's counsel, and he was asked by the trial court to repeat the question as to presumption of innocence. When the question was repeated, all but four of the veniremen positively responded that they presumed the defendant to be an innocent man. The four veniremen were then stricken by the court. Defendant argues that the trial court was in error in requesting defendant's counsel to repeat the question concerning defendant's presumption of innocence. We find no error in the trial court's action. The trial court has broad discretion in controlling the voir dire examination, State v. Yowell, 513 S.W.2d 397 (Mo. banc 1974), and the trial court's request that the presumption of innocence question be repeated did not constitute an abuse of discretion. State v. Scott, 515 S.W.2d 524 (Mo.1974).

■■ Defendant also contends that the trial judge improperly interjected himself into the case during closing argument. In his closing argument, the prosecutor commented that defendant's counsel had begged for mercy for defendant. Defendant's counsel objected, stating that he had not begged for mercy to which the court responded: "It is a deduction from what you did say." Defendant contends that the trial court's comment gave the appearance of partiality in favor of the State. We disagree. It is aphoristic that the trial court should maintain a neutral position in a trial. State v. Johnson, 454 S.W.2d 27 (Mo.1970). But the measure for determining if the trial court has acted improperly is whether the trial court's conduct is such as to prejudice the minds of the jury against defendant thereby depriving defendant of a fair and impartial trial. State v. Hopkins, 500 S.W.2d 264 (Mo. App.1973). We hold that the comment by the trial court here was not totally unwarranted in view of the defendant's argument. It did not tend to establish any hostility or bias by the court against defendant and was not prejudicial. State v. Duncan, 499 S.W.2d 476 (Mo.1973). And even assuming that the comment should not have been made, it affords no basis for relief, for it cannot be said that defendant was deprived of a fair trial thereby. State v. Phelps, 478 S.W.2d 304 (Mo.1972).

■ Defendant, in his pro se brief, asserts that statements made by him to police officers at the time of his arrest should not have been allowed into evidence as he had not understood the Miranda [3] warnings received or knowingly and intelligently waived his rights thereunder. The record belies this contention and establishes that defendant received adequate warning and was aware of its purport. We rule this point against defendant. State v. Larkins, 518 S.W.2d 131 (Mo.App.1974).

We have reviewed the record in its entirety and have considered all other points

statute, a juror is not absolutely disqualified because of his status as a client of one of the attorneys in a case, disqualification of such juror being a matter of trial court discretion. State v. Grant, 394 S.W.2d 285 (Mo.

1965); Johnson v. Missouri-Kansas-Texas R. Co., 374 S.W.2d 1 (Mo.1963).

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

raised by defendant in counsel's and pro se briefs and find all such points to be without merit. We find no justification for invoking the plain error rule of Rule 27.-20(c) nor that a manifest injustice will result from affirming defendant's judgment of conviction. State v. Hurtt, 509 S.W.2d 14 (Mo.1974).

The judgment is therefore affirmed.