STATE of Missouri, Plaintiff-Respondent,

v.

Leonard T. WENDEL, Defendant-Appellant.

No. 36526.

Missouri Court of Appeals, St. Louis District, Division Four.

Dec. 16, 1975.

Motion for Rehearing or Transfer Denied Jan. 23, 1976.

Application to Transfer Denied March 8, 1976.

Taylor, Eichner & Hollander, Toby H. Hollander, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Robert H. House, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

NORWIN D. HOUSER, Special Judge.

Convicted by a jury of robbery in the first degree and sentenced to 25 years in the custody of the department of corrections, Leonard T. Wendel has appealed, claiming he was denied a fair trial because of prejudicial comments made by the trial court, and that the court abused its discretion in connection with his sentencing.

There was evidence that in the commission of a robbery at a Velvet Freeze store appellant came around the corner, placed a big, long knife (a hunting knife with a blade 4 or 5 inches long) at the neck of the waitress, threatened to kill her, and grabbed her throat; that she screamed and moved her hand, at which time the knife cut her hand. The arresting officer caused the suspect to lie down and turn over, at which time the officer observed the knife lying on the ground. During direct examination of the arresting officer the assistant circuit attorney produced the knife for the purpose of having it marked as an exhibit. The knife was handed to defense counsel, who left the knife on a table within easy reach of the defendant. When this happened the trial court, in the presence and hearing of the jury, said, "Step over here with the knife, don't leave that there. Look, I don't want that exhibit left anywhere where this man can get to it."

Bearing on the intention and motivation of the judge is his statement, made following defendant's request for a mistrial: "Let the record further indicate there has been testimony by the victim in this case that she was cut on her hand by this knife, and it was razor sharp, and [this] was further considered by the court in directing the lawyers not to leave this knife accessible to the defendant." At the hearing of the motion for new trial the court said, "I did it out of caution." As he was discharging the jury, after return of verdict, the court said, "I hope that—I am sure it didn't prejudice you when the incident [occurred] where the knife was to [sic] close. He had an escape, I was afraid for your protection, for the court reporter, and for the lawyers' protection; that's the reason I asked to move the knife over. I wanted to explain that to you."

The court's remarks were of such a nature as to reasonably tend to prejudice the minds of the jury against the defendant and to deny him a fair and impartial trial. They served to notify the jury that the trial court considered defendant a man of violence—a dangerous person who could not be trusted near a sharp knife, even in a courtroom guarded by armed deputy sheriffs; that there was a possibility that defendant

would use the knife improperly if he could reduce it to his possession.

Such impressions, conveyed to the jury with dramatic emphasis, inevitably tended to discredit defendant; reflect on him as a person of rash and turbulent disposition, untrustworthy and prone to violence, and the remarks demonstrated apprehension and a degree of hostility on the part of the court toward defendant. "Defendant was entitled to a trial by a jury that had not been urged to hostility against him by the judge of the court on whose words one would expect them to place the greatest reliance." *State v. Wright,* 161 Mo.App. 597, 144 S.W. 175, 178 (1912).

Appellant further suggests these remarks can only be construed as indicating the court's belief that defendant committed the robbery with this knife. While we do not necessarily concur in this suggestion we are firm in the belief that they indicated the court's belief that defendant was *capable* of using the knife for improper purposes, and disposed to do so.

"[T]he court must always maintain an absolute impartiality in any trial, both in its remarks and in its conduct generally * * *," *State v. Sanders,* 360 S.W.2d 722, 726 (Mo.1962), for "[t]he influence of the trial judge on the jury 'is necessarily and properly of great weight' and 'his lightest word or intimation is received with deference, and may prove controlling.'" *Quercia v. United States,* 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933). In *State v. Bunton,* 312 Mo. 655, 280 S.W. 1040, 1043 (1926), the Supreme Court approved the following quotations: "It must be remembered that jurors watch courts closely, and place great reliance on what a trial judge says and does. They are quick to perceive the leaning of the court. They are prompt to notice the inclination, even, of the court, and from his conduct, whether properly or not, they will almost invariably arrive at a conclusion as to what the court thinks about the case. Every remark dropped by the court, every act done by him during the progress of the trial, is the subject of comment and conclusion by jurymen. Hence it is that judges presiding at trials should be exceedingly discreet in what they say and do in the presence of a jury, lest they seem to lean towards or lend their influence to one side or the other." "It is error for him to express, directly or indirectly, by words or by conduct, in the presence of the jurors, an opinion which discriminates against, or points to, the guilt of accused, or to make a statement which tends to discredit or prejudice accused with the jury." In 24A C.J.S. Criminal Law § 1901, p. 993: "The reviewing court may consider it to be prejudicial error * * * where the conduct of the court is calculated to discredit, or prejudice the jury against, accused, * * *."

The court's remarks were doubtless made by this careful and conscientious judge in good faith, to prevent escape or the possibility of violence or disorder in the courtroom, but where prejudice has been engendered the motivation for the judge's conduct is immaterial. "Regardless of the proper intention of the court in making such remarks, in determining their effect on the jury we must consider that the high position which a judge holds in the scheme of the trial magnifies, in the minds of the jurors, the meaning of comments by the judge, to which he himself may not attach particular importance." *Kellum v. State,* 104 So.2d 99, 104 (Fla.App.1958).

The State seeks affirmance on these grounds: that the request for mistrial was not timely made; that no abuse of discretion was shown; that there was no request that the court instruct the jury to disregard the remarks; that the court had a right to take reasonably necessary precautions for the maintenance of order in the courtroom and the retention of custody of defendant during the progress of the trial; that the State's case was so strong that no prejudice could result from the court's remarks; that accused was not prejudiced and prejudice has not been demonstrated.

The remarks were inherently "of such a nature as would reasonably tend to prejudice the minds of the jury against the defendant and thereby deny him a fair and impartial trial," which is the test. *State v. Ross,* 371 S.W.2d 224, 228 (Mo.1963); *State v. Hopkins,* 500 S.W.2d 264 (Mo.App.1973); *State v. Hill,* 518 S.W.2d 682 (Mo.App.1975). Because the remarks were so incisive and prejudicial their effect could not be cured or eradicated by proper instruction to the jury at the time. There was no waiver in failing to request that the jury disregard them or in failing to object immediately after they were made and waiting until the witness' examination was concluded before moving for a mistrial, because the remarks were like indelible ink; they were ineradicable. See *State v. Hudson,* 358 Mo. 424, 215 S.W.2d 441, 442[3] (1948).

On the right of the court to take precautions against disorder: The remarks were made when the trial was more than three fourths completed. Nothing in this lengthy record indicates that during the progress of the trial up to that point defendant had misconducted himself in any way, exhibited any tendency toward violence, or indicated any disposition to escape. While a trial court has the "right to take the reasonably necessary precautions for the maintenance of order and retention of custody of an accused during the progress of the trial, *State v. Johnstone,* Mo.Sup., 335 S.W.2d 199, l. c. 205[10], and authorities referred to," *State v. Edmonson,* 371 S.W.2d 273, 277 (Mo.1963), there is nothing to show that in this instance the action taken by the trial court was reasonably necessary. The court simply inadvertently failed to exercise the necessary care "to prevent the creation of an atmosphere prejudicial to [the] accused." See *State v. McKeever,* 339 Mo. 1066, 101 S.W.2d 22, 31 (1936).

■ The trial judge's distrust of the accused is implicit in cases where he permits or orders the shackling of the accused during the progress of the trial. The decisions in such cases are instructive. Shackling is permitted or ordered only as a last resort. Unless there is some good reason, based on the prisoner's conduct, the prisoner's shackles should be removed when brought before a jury for trial. An exception to this rule is allowed only where there exists good reason or exceptional circumstances. *State v. Robinson,* 507 S.W.2d 61, 62[1] (Mo.App.1974). "When the court allows a prisoner to be brought before a jury with his hands chained in irons, and refuses, on his application, or that of his counsel, to order their removal, the jury must necessarily conceive a prejudice against the accused, as being in the opinion of the judge a dangerous man, and one not to be trusted, even under the surveillance of officers." *State v. Kring,* 64 Mo. 591, 593 (Mo.1877).

Nothing in this record indicates the existence of a good reason or exceptional circumstance, based upon appellant's courtroom conduct, to authorize or justify the exclamation made by the trial judge in this case. That appellant was charged with having used a knife in the perpetration of a robbery did not justify the action of the trial judge. In *State v. Kring,* supra, the fact that the prisoner had assaulted a person in court some three months before the term at which he was tried was held insufficient to authorize the court to assume that the prisoner would be guilty of similar outrages. In the absence of any such justification the action of the trial judge necessarily conveyed to the jury his opinion that this appellant was "a dangerous man, and one not to be trusted, even under the surveillance of officers," as a result of which the jury must necessarily have conceived a prejudice against him. This exciting circumstance deprived appellant of a fair trial, which means a trial before an impartial judge "in an atmosphere of judicial calm." 21 Am.Jur.2d Criminal Law § 235, p. 272.

■ The State seeks refuge in the statement in *State v. Degraffenreid,* 477 S.W.2d 57, 65[15] (Mo. banc 1972), that error which in a close case might call for a reversal may be disregarded as harmless when the evidence of guilt is strong. As held in that

case, however, we cannot conclude that the improper remarks of the court did not, in the minds of the jurors, indict defendant as a man of violence, not to be trusted near a dangerous weapon, and thereby "tip the scales" against defendant. The words used deprived defendant of a fair and impartial trial. Paraphrasing *State v. Bunton,* 312 Mo. 655, 280 S.W. 1040, 1043 (1926), it may well be that defendant is guilty of robbery as charged. It may be that he would be convicted by any jury in a trial where the fairness and impartiality of the trial judge could not be questioned. But that is not the criterion. Guilty or innocent, the defendant was entitled to be tried fairly and impartially. We are thoroughly convinced that defendant did not have that character of trial.

The other point, relating to the propriety of the court's statement, in imposing sentence, that he was taking into consideration other crimes (of which defendant had not been convicted and which were not proved) and augmenting the punishment because of such unfounded offenses, will not likely arise on retrial, and is not necessary to a determination of this appeal.

Judgment reversed and cause remanded for a new trial.

SMITH, C. J., concurs.

ALDEN A. STOCKARD, Special Judge, dissents in separate opinion.

ALDEN A. STOCKARD, Special Judge (dissenting).

The circumstances of this case compel me to dissent.

First. At the time the statement was made by the court pertaining to the presence of the knife, appellant made *no objection* whatever. The prosecutor continued the direct examination of the witness, counsel for appellant then cross-examined the witness, re-direct and re-cross-examination was conducted, the witness was dismissed, a recess was taken, and then for the first time appellant made any complaint about the remark. He then requested a *mistrial*; he did not request any other remedial action. In my opinion the objection came too late to preserve the matter for appellate review. *State v. Hudson,* 358 Mo. 424, 215 S.W.2d 441, 442 (1949); *State v. Brown,* 524 S.W.2d 188 (Mo.App.1975).

Second. The matter was, in my opinion, of the nature that the prejudicial effect, if any, could have been removed by appropriate instructions on the part of the court if such relief had been requested. In these circumstances the drastic remedy of a mistrial, *State v. Camper,* 391 S.W.2d 926 (Mo. 1965); *State v. Phelps,* 478 S.W.2d 304 (Mo. 1972), would not have been required even if a timely request therefor had been made.

Third. In view of the right and duty of the court to take reasonably necessary precautions for the maintenance of order in the courtroom and for the safety of all in attendance, *State v. Edmonson,* 371 S.W.2d 273, 277 (Mo.1963), I do not consider the comment of the Court to be so grievous as to now require the reversal of the judgment, at least in view of the total circumstances. To direct a reversal in the situation we have here is to impute to the jury a lack of common understanding, which I am not willing to do, and to reward the appellant for failing to obtain corrective action less than a mistrial.

Fourth. Assuming that it is arguable that the remark of the court in the circumstances of this case constituted error, the record so clearly demonstrates appellant's guilt that this is the appropriate case for the application of the rule "that error which in a close case might call for reversal may be disregarded as harmless when the evidence of guilt is strong." *State v. Degraffenreid,* 477 S.W.2d 57, 65 (Mo. banc 1972); *Thomas v. United States,* 281 F.2d 132, 136 (8th Cir. 1960).

I do not express any view concerning the other contentions of appellant, but I would not reverse the judgment for the reasons set forth in the principal opinion.