**Hubert M. MORRIS, Movant, Defendant-Appellant,**

v.

**STATE of Missouri, Plaintiff-Respondent.**

**No. 38011.**

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 21, 1976.

Motion for Rehearing or Transfer Denied Feb. 16, 1977.

Application to Transfer Denied April 11, 1977.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for defendant-appellant.

John Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James A. Roche, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

A jury found Hubert M. Morris guilty of robbery in the first degree by means of a dangerous and deadly weapon. He was sentenced to twenty-five years imprisonment. The conviction was affirmed on appeal. *State v. Morris,* 501 S.W.2d 39 (Mo. 1973).[1] This case involves an appeal from the trial court's order overruling and denying, without an evidentiary hearing, movant's Rule 27.26 motion to vacate judgment and sentence.

1. Movant instigated a federal habeas corpus suit which was denied by the District Court and affirmed on appeal. *Morris v. Wyrick,* 516 F.2d 1387 (8th Cir. 1975), *cert. denied* 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251.

■ To be entitled to an evidentiary hearing a movant must plead facts which are not refuted by other facts in the record and which, if true, would entitle movant to relief. *Smith v. State,* 513 S.W.2d 407, 410[1] (Mo. banc 1974), *cert. denied* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Burnley v. State,* 518 S.W.2d 314, 316[5] (Mo.App.1975). The facts pleaded in this case, even if true, would not entitle movant to relief. It follows that the trial court did not err in overruling movant's motion without an evidentiary hearing.

■ Movant contends he was denied effective assistance of counsel in several respects. The assistance of counsel is ineffective only if "the action (or inaction) of counsel were of such a character as to result in a substantial deprivation of defendant's constitutional right to a fair trial, * * *." *Thomas v. State,* 516 S.W.2d 761, 765[2] (Mo.App.1974); *see, Haynes v. State,* 534 S.W.2d 552, 554[4] (Mo.App.1976).

Movant alleges counsel was ineffective in failing to investigate the case and in neglecting to secure witnesses for the defense. Movant claims that if his attorney had consulted with the police he could have secured witnesses able to testify concerning another person closely resembling movant who had used the same mode of operation described by the state's witnesses in this case, thereby placing in doubt the identification of movant as the perpetrator of this bank robbery.

■ There is no requirement that independent investigation must be carried out in all cases, but effective assistance of counsel must be adequate under the circumstances of each case. *Haynes v. State, supra* at 554[4]. Whether counsel is ineffective depends on the facts of each case. *Thomas v. State, supra* at 765. In all the cases cited by movant counsel failed to investigate some obvious and important element. *Thomas v. State, supra* (failure to interview witnesses named by defendant); *McQueen v. Swenson,* 498 F.2d 207 (8th Cir. 1974) (failure to interview any of the state's witnesses); *Garton v. Swenson,* 497 F.2d 1137 (8th Cir. 1974) (failure to compel the attendance of out-of-state witnesses); *Coles v. Peyton,* 389 F.2d 224 (4th Cir. 1968), *cert. denied,* 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (failure to interview witnesses and failure to ascertain if prosecutrix was medically examined after alleged rape); *Goodwin v. Swenson,* 287 F.Supp. 166 (W.D.Mo.1968) (failure to investigate hospital records and competency of defendant who made statement after being admitted to hospital for self-inflicted first and second degree burns). Here, movant learned from newspaper clippings of the person who allegedly resembled him and used the same mode of operation as shown by the evidence in this case. There is no allegation that movant's attorney was ever aware of any such person or that he was at all put on notice that such information could be obtained. Movant's trial counsel did not have a duty to ask the police or prosecutors if there was any information of this type available. Failure to investigate such an elusive matter is not ineffective assistance of counsel.

■ Movant next alleges counsel was ineffective in failing "to object to the admission of cumulative testimony by police officers concerning a lineup identification of movant when the State's identifying witness was not impeached." Movant claims that if his counsel had objected to such testimony it would have been excluded under the rule of *State v. Degraffenreid,* 477 S.W.2d 57, 64[13] (Mo.banc 1972). *Degraffenreid* recognized that only *prejudicial* inadmissible evidence is grounds for reversal and that evidence may be considered harmless if it is so without question or if the evidence of guilt is strong. *Degraffenreid, supra* at 64–65[14, 15]. *Degraffenreid* found prejudicial the testimony of a police officer confirming that the only witness (who was 78 years old) to identify defendant at the scene of the crime also identified defendant from photographs and at a lineup. Here, three witnesses positively identified movant and the testimony of the police merely showed that of the four people who viewed the lineup, three identified defend-

ant. Under these circumstances we find no prejudice to defendant [*Degraffenreid, supra* at 66 (concurring opinion); *State v. Starkey,* 536 S.W.2d 858, 863–64[3, 4] (Mo. App.1976)] that would render the assistance of counsel ineffective in failing to raise an objection to this testimony.

Movant also alleges ineffective assistance of counsel in that his attorney "failed to request a mistrial after the trial court had assisted the prosecution in laying a foundation for the admission of photographic evidence." The struggle to admit a photograph of the lineup consumes six pages of the transcript. Defense counsel made four objections to the adequacy of the foundation laid for the introduction of this photograph. At one point the trial court said to the prosecuting attorney: "I think you ought to set a foundation." After another attempt to lay a proper foundation, the trial court sustained defense counsel's objection to the introduction of this evidence. Out of the hearing of the jury the trial court said the police officer "has not said that this is an accurate and correct representation of the condition that prevailed out there at the time that the accident [sic] occurred * * * That's the way you qualify all photographs." Before the jury, the prosecutor asked the suggested question and over the objection of defense counsel, the court permitted the photograph to be admitted into evidence.

■■■ The trial court may actively participate in the proceedings and ask witnesses questions. *State v. Cook,* 440 S.W.2d 461, 464[5] (Mo.1969); *State v. Pearson,* 519 S.W.2d 354, 359[7] (Mo.App.1975). However, when the court's conduct is such as to prejudice the minds of the jury against the defendant so as to deprive him of a fair trial, the trial court has acted improperly. *State v. Tate,* 468 S.W.2d 646, 648[1, 2] (Mo.1971); *State v. Hill,* 518 S.W.2d 682, 685[7] (Mo.App.1975); *State v. Hopkins,* 500 S.W.2d 264, 266–67[7] (Mo.App.1973). Here, the trial court showed no prejudice against defendant. A large part of the alleged coaching occurred outside the hearing of the jury. There was nothing to alert defense counsel that a mistrial should be requested, and failure to do so does not show ineffective assistance of counsel.

■■■ Movant's final point is that the State of Missouri should not have been permitted to prosecute movant because this exposed him to the possibility of double jeopardy in that he may be prosecuted under 18 U.S.C.A. § 2113 for armed robbery of a federally insured bank. In effect, movant is arguing that this initial prosecution should be barred because of the possibility of a subsequent federal prosecution. However, the doctrine of double jeopardy, if applicable, only bars subsequent prosecutions, not initial ones. And even if this were the second prosecution, the state would not be barred from prosecuting movant. *State v. Turley,* 518 S.W.2d 207, 209[1] (Mo.App.1974), *cert. denied,* 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 454. The point is without merit.

The judgment is affirmed.

DOWD and CLEMENS, JJ., concur.