STATE of Missouri, Respondent,

v.

Kenneth COLEMAN, Appellant.

No. 40422.

Missouri Court of Appeals, Eastern District, Division Two.

May 27, 1980.

J. Martin Hadican and Joyce Yulkey MacDonald, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kathryn Marie Krause, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

Defendant was charged in two counts: count I, robbery first degree; count II, armed criminal action. He was convicted after trial by jury of the robbery charge and was acquitted of armed criminal action. His appeal raises three points, each of which is totally destitute of merit: (1) that the trial court erred in refusing to dismiss count II, the armed criminal action charge, as it placed him in double jeopardy; (2) that the evidence was insufficient to sustain a

conviction under count II and that the state failed to prove first degree robbery as a felony; (3) that the instructions on count II (armed criminal action) were erroneous.

The sufficiency of the evidence is not in doubt. Defendant was positively identified by two victims as the person who held them up at gun point in St. Louis County.

 Defendant is correct that an accused may not be charged and convicted of both first degree robbery by means of a dangerous and deadly weapon and armed criminal action arising out of the same incident as being a double jeopardy violation. *Sours v. State*, 593 S.W.2d 208, 210 (Mo. banc 1980). But *Sours* also holds that while armed criminal action cannot prevail in a joint charge and conviction with first degree robbery, the first degree robbery charge and conviction are not affected. In this case defendant was acquitted of armed criminal action. Obviously, he was not prejudiced by that charge against him. And, as in *Sours*, the conviction for first degree robbery may persist and be affirmed. Defendant's points relating to the armed criminal action are without substance, inasmuch as he was acquitted of that charge.[1]

Defendant also submits that the state failed to prove that first degree robbery is a felony. It is indeed a felony. §§ 556.020 and 560.120, RSMo 1969 and § 560.135, RSMo Supp. 1975.[2] And the trial court is entitled to take judicial notice of the statutes declaring it so. *State v. Kuhrts*, 571 S.W.2d 709, 714 (Mo.App.1978).

The jury verdict is supported by the evidence. No error of law appears, and an extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.

---

1. Petition for writ of certiorari was granted by the Supreme Court in *Sours* and the judgment vacated and case remanded to the Missouri Supreme Court for further consideration in the light of *Whalen v. United States*, 445 U.S. ——, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). *Missouri v. Sours*, —— U.S. ——, 100 S.Ct. 2935, —— L.Ed.2d —— (1980). This action does not affect the substance of the decision in this case.

2. These sections were in effect at the time of the offense—August 26, 1976.