STATE of Missouri, Respondent,

v.

Ronald Love COLES, Appellant.

No. 41591.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 19, 1980.

Doris Gregory Black, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

Defendant was charged in a six count indictment with two counts of first degree robbery, armed criminal action, assault to do great bodily harm without malice, carrying a concealed weapon and flourishing a dangerous and deadly weapon. He was convicted on the charges of assault without malice aforethought and of carrying a concealed weapon. He was acquitted on all other counts.

His appeal raises two points of alleged trial court error: (1) that the assault for which he was convicted was the underlying act to accomplish the robbery with which he was charged but found innocent; hence, he was placed in double jeopardy in violation of his constitutional rights; (2) that the trial court erroneously failed to declare a mistrial when the prosecutor objected to defendant's handling of the assault weapon—a revolver—during the trial, thus inferring that the defendant was a person of virulent propensities. We find no error and affirm.

The state's and defendant's evidence differs radically in some respects, but the conviction is substantially supported. According to the state, Frank McClain and Jerome McCloud were outside their north St. Louis residence when defendant approached them, displayed a gun and demanded and obtained their money. After taking McClain's money, defendant hit him on the forehead and eye. Proof as to the separate offenses of robbery and assault was as follows:

Q. [Prosecutor] Why did you give him [defendant] the money?

A. [McClain] Because he had a gun pointed at me.

Q. Did he do anything about the gun?

A. He hit me up on the forehead.

Q. Where?

A. (Indicating)

Q. You're indicating over your right eye; is that correct?

A. Correct.

A passing police officer observed the episode and gave chase to defendant who fled from the scene. The pursuing officer observed defendant stop, turn and aim his gun at him. The gun clicked as it misfired. Defendant was soon captured as he lay doggo under some bushes. As police officers pulled him from his place of attempted concealment they felt a holster under his arm beneath his shirt. They took from it a revolver with one spent cartridge and a cartridge which had misfired.

Defendant's version was that he had been mulcted of his money by McClain in a crap game; that McClain's retaliation to defendant's accusation of cheating was to draw a knife. Defendant's testimony best relates his swift response to McClain's action.

Q. [Defendant's attorney] After Frank McClain pulled a knife out what, if anything, did you do or say?

A. [Defendant] I went inside of my shirt, pulled out a pistol, hit him up aside of the head and pulled the trig-

ger at the same time. I pulled the trigger. The gun didn't discharge accidentally. I pulled the trigger making it discharge, making him know I wasn't jiving about wanting my money. He can win his money but don't cheat me.

Defendant then acknowledged fleeing from police and the ill–fated attempt at concealment in some hedges. He claims, however, that the gun was in his hand at the time of his capture, rather than under his shirt. But his foregoing testimony has firmly established that he had been carrying the gun in a holster concealed under his shirt prior to striking McClain with it and firing it to let his victim know he was not "jiving".

■ Defendant first asserts that he was placed in jeopardy twice by virtue of the robbery and assault charges, as the alleged robbery occurred or was accomplished as a result of the assault. In this regard, defendant relies on *State v. Neal*, 514 S.W.2d 544 (Mo. banc 1974), and *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970), each holding that an improper double jeopardy exposure occurs when an accused is charged with the act of assault by which a robbery or attempted robbery is accomplished.

But defendant overlooks the testimony of the victim that the assault took place as a separate offense after McClain had given up the money at gun point. At least there was a jury question as to whether the robbery and assault were separate acts in that the assault occurred after the robbery had taken place. In such case, the state had properly charged the defendant with separate counts of robbery and assault. *State v. Collett*, 526 S.W.2d 920 (Mo.App.1975). See also *State v. Buford*, 582 S.W.2d 298 (Mo.App.1979).

■ And, too, it was the defendant's position that he had not robbed McClain but merely took the money he had been deprived of through cheating, cuffing him on the head with his gun. So the jury could find that no robbery took place, and they did so by acquitting defendant of that charge. They could also find—which they did—that McClain had been assaulted. Fur-

thermore, as defendant was acquitted of the robbery charge, he certainly was not prejudiced by that charge against him. *State v. Coleman*, 599 S.W.2d 789 (Mo.App. 1980).

Defendant's second point concerns the trial court's failure to declare a mistrial when the prosecutor objected to defendant's counsel's handing the assault weapon to defendant for his examination. Defendant's objection is to the following as it occurred at trial:

Q. Ronald, [defendant] I'm going to show you State's Exhibit No. 2.

MR. FREDERICKS: [Prosecutor] One moment. Now I'm going to object to her handing this defendant this pistol. She can show it without handing it to him.

THE COURT: What did you want to ask?

MRS. BLACK: [Defendant's counsel] I–He's got to look at it to see if this is in fact the gun that he had.

MR. FREDERICKS: It's unloaded, yes, but I'm going to object to his handling this pistol in any way at all. He can look at it or the deputy sheriff can hold it so he can look at it.

MRS. BLACK: I want to make a record on this.

An off record discussion followed with the trial court suggesting that the revolver be held before the defendant for his inspection and identification; that if closer examination were required then defendant would be permitted to hold it. Defendant did immediately identify the gun as it was held before him by his attorney following the trial court's suggestion.

Defendant's specific objection is that the prosecutor attempted to plant in the jury's mind that the defendant was a dangerous person and should not be allowed to handle the gun in the courtroom; that the trial court's failure to declare a mistrial gave substance to the prosecutor's action.

■ There are several reasons why defendant's contention is desolate of merit. First, the jury had already been made well

aware that defendant was scarcely of pristine character. His record of a previous manslaughter conviction was before them; they knew of his prior conviction for carrying a firearm as an ex–felon; that by his own admission he had carried a concealed weapon in this case and had hit McClain "up aside of the head" and deliberately fired the gun in so doing. The jury already knew of his penchant for violence; thus, his character was not maculated by not permitting him to handle the weapon in court.

An even more compelling reason for denying this point is that no mistrial relief was sought. The trial court cannot be convicted of error in this situation by failing to declare a mistrial where none was requested. *State v. Emmons*, 595 S.W.2d 792 (Mo. App.1980); *State v. Sykes*, 573 S.W.2d 112 (Mo.App.1978).

Defendant relies on *State v. Wendel*, 532 S.W.2d 838 (Mo.App.1975), as basis for his claim of error. In *Wendel*, reversible error was declared based on the trial court's exclamation within the jury's hearing to counsel regarding a knife left within easy access of the defendant: "Step over here with the knife. Don't leave that there. Look, I don't want that exhibit left anywhere where this man [defendant] can get to it". The appellate court found that the foregoing remarks served to notify the jury that the trial court considered the defendant a man of violence who could not be trusted near a sharp knife. In *Wendel* there was a request for a mistrial after the trial court's comment, which differentiates it from this case.

Additionally, other circumstances in *Wendel* cause it to stand in stark contrast to the situation here. The trial court's action regarding the handling of the gun cannot be transformed into the same conditions existing in *Wendel*. The trial court's action here was in the control and regulation of the treatment of an exhibit. It is vested with broad discretion to determine the orderly procedure and presentation of evidence. *State v. Knicker*, 424 S.W.2d 605, 607 (Mo. 1968). See also *State v. Stanley*, 494 S.W.2d 682 (Mo.App.1973). We believe the

trial court's discretion in conducting a trial extends to the manner in which a witness—in this case, the defendant—will or will not be permitted to handle an exhibit, particularly a weapon, during the course of the trial. There was no abuse of discretion in the trial court's action in this case. Certainly, there is no indication that the trial court was guilty, either in cabal with the prosecutor, vel non, of seeking to prejudice the jury against the defendant. The trial court's treatment of the matter regarding the handling of the gun exhibit was proper.

Judgment affirmed.

STEPHAN and PUDLOWSKI, JJ., concur.