**STATE of Missouri, Respondent,**

v.

**Herbert GLADNEY, Appellant.**

**No. 42542.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Joseph W. Downey, Public Defender, Nick Zotos, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Defendant was found guilty, by a jury, of robbery first degree, armed criminal action and carrying a concealed weapon. Punishment was assessed at five, three and two years imprisonment respectively, the sentences to run consecutively. Defendant appeals. We affirm.

On December 16, 1978, while riding on a bus in St. Louis, Missouri, defendant, with an aid of a gun, robbed another passenger, Timothy Williams, of a quantity of currency. Defendant complains of error in the

trial court's failure to strike for cause venireperson Schanuel and in the conviction of both robbery first degree and armed criminal action.

During the voir dire examination, venireperson Anderson admitted he had made comments about defendant within the hearing of other venirepersons. After several venirepersons acknowledged hearing a comment, defendant moved to strike for cause all venirepersons who had heard the comment or, in the alternative, to strike the whole panel. At the time defendant made his objection, the panel knew that Anderson was the defendant's brother-in-law but did not know the nature of the comment. Venireperson Schanuel was among those four on the panel who had heard the comment.

The trial judge inquired generally of the panel whether Anderson's comment would affect their decision in the case and admonished them to disregard the comment. Out of the hearing of the panel, the court permitted Anderson to reveal what his comment was, to-wit: that defendant had stolen from him. The court denied both of defendant's motions to strike for cause.

The court, at the request of defendant, then brought all those venirepersons who had heard the comment to the bench to state what they had heard. At the bench, out of the presence of the panel, Venireperson Schanuel stated:

> Well, he just said it was his brother-in-law and that something to the effect that he had been in trouble before and whatever that you got him for he was guilty of, or he did it.

Schanuel then said she could not forget the comment, but could give the defendant a fair trial based upon the evidence and the court's instructions. In response to a question from the court, Schanuel indicated, unequivocally, that there was no doubt in her mind that she could give the defendant a fair trial. Defendant then renewed his motion to strike the entire panel but made no motion to strike Schanuel for cause. This motion was denied.

■ Defendant failed to preserve this point for review by not moving that Venireperson Schanuel be stricken for cause. After Schanuel made her statement, defendant did not renew his motion to strike Schanuel from the panel. By this failure, defendant waived any objection to Schanuel remaining on the panel. *State v. Tash,* 528 S.W.2d 775, 780 (Mo.App.1975).

■ Assuming *arguendo* defendant's point was properly preserved, it is without merit. The trial court has very wide discretion in assessing the qualifications of a venireperson. We may not substitute our judgment for that of the trial judge, even though we may disagree, excepting an abuse of this broad discretion. *State v. Thrift,* 588 S.W.2d 525, 527–28 (Mo.App. 1979). It was within the province of the trial judge to choose to believe Schanuel when she stated, without any reservation whatsoever, she could give defendant a fair trial.

Defendant's objection to the armed criminal action conviction is not well taken as it is controlled by *Missouri v. Hunter,* 459 U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.